ALD-127                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3204
_____

ANTHONY MCNEIL,
                                        Appellant

v.

MR. GRIM, Sergeant at SCI Greene;
UNIDENTIFIED WORKER AT SCI GREENE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-00578)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 15, 2018

Before: MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed: August 29, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In May 2017, Anthony McNeil, an inmate in a Pennsylvania prison, filed a civil rights action against a prison sergeant and an unidentified prison worker, related to the loss of McNeil's personal property during the time he was temporarily transferred out of SCI Greene. McNeil claimed that prison employees wrongfully destroyed or lost his personal property, including deodorant, lotion, "religious documents," "legal documents," transcripts, and other materials. Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge screened McNeil's complaint and recommended that it be dismissed with leave to file an amended complaint. McNeil then filed an amended complaint. The Magistrate Judge found the complaint to be completely illegible, and ordered McNeil to file an amended complaint within fourteen days. McNeil then filed a second amended complaint.

The Magistrate Judge subsequently filed a report and recommendation, recommending that the Court dismiss the complaint without further leave to amend. The Magistrate Judge concluded that McNeil failed to state a claim for relief for either the negligent or intentional destruction of his personal property. McNeal then filed a third amended complaint. On September 26, 2017, the District Court, on de novo review of the record and pursuant to 28 U.S.C. § 1915A(b)(1), dismissed McNeil's complaint for failure to state a claim, and denied further leave to amend. McNeil appeals.

We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291. Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we

2

will summarily affirm the District Court's order because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

McNeil appears to assert a claim solely regarding the deprivation of property without due process. We agree with the District Court's conclusion, in adopting and approving the Magistrate Judge's recommendation, that McNeil's claim is barred by Hudson v. Palmer, 468 U.S. 517 (1984), and Daniels v. Williams, 474 U.S. 327 (1986). To the extent that McNeil claims that prison officials negligently destroyed or lost his personal property, he has failed to state a claim under the Due Process Clause. The Due Process Clause is not implicated by a state official's negligent act which causes loss of or damage to property. Daniels v. Williams, 474 U.S. 327, 328 (1986); see Davidson v. O'Lone, 752 F.2d 817, 826 (3d Cir. 1984). To the extent McNeil claims that prison officials intentionally destroyed or lost his property, he has failed to state a procedural due process claim since a meaningful post-deprivation remedy for his loss was available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). McNeil was afforded an adequate post-deprivation remedy, through Pennsylvania's inmate grievance procedures. See Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000) (prisoner had adequate post-deprivation remedy through grievance system that allowed prisoners to complain about "any" matter that is "unjust" and provided for direct appeal to the warden). Thus, the prison grievance procedures, which the record indicates McNeil availed himself of, forecloses McNeil's claim. We additionally note that amendment

3

would be futile, since even if McNeil claimed that the prison grievance procedures were constitutionally inadequate, Pennsylvania's state tort law would provide an additional adequate remedy. See 42 Pa. Cons. Stat. Ann. § 8522(b)(3).[1]

The Magistrate Judge provided two opportunities for McNeil to amend his complaint. McNeil filed a total of three amended complaints, which, as the District Court concluded, all failed to correct the defects. The District Court was correct to deny further leave to amend.

Accordingly, we will affirm the District Court's order.

---

[1] We have also considered McNeil's remaining arguments and conclude that they are meritless.